Z. C. MOREY *v.* ABRAM P. SHELTUS, AND ANSON A. SPEAR, TRUSTEE.

*Trustee Process.*

S. conveyed his farm and property to his son-in-law, reserving the control thereof during life, and took back a mortgage thereon, conditioned for his life support, and for the payment on demand after his death, of $1000 to the defendant, his son. The mortgagor did not assume the payment of said $1000, other than by said mortgage, and S. was still living. *Held,* that the mortgagor could not be held as trustee of the defendant.

TRUSTEE PROCESS. Philip Sheltus, still living, conveyed his farm and personal property thereon to the trustee, his son-in-law, who was living upon and carrying on the farm, " reserving the occupancy of said granted premises, and the right of the control of the same, with the personal property thereon, during my natural life ; to be governed as per a mortgage given me this day, of the same property, by the said Spear." Said mortgage was conditioned for the support of the said Sheltus during life, and for the

payment on demand after his decease, of $1000 to the principal defendant, his son, and of certain other sums to his other children ; also, that " said Spear is to occupy said premises with said Sheltus, and the rents and profits of said farm and stock are to belong to said Spear so long as said Sheltus shall suffer said Spear to control and manage the same ; but it is a condition of this mortgage that said Spear shall not hinder said Sheltus in the disposal of the stock at any time on said premises, and that said Spear will not suffer said stock or farming tools on said premises to depreciate in number or value during the life of said Philip, by his own will or neglect."

The court, at the September term, 1874, ROYCE, J., presiding, discharged the trustee ; to which the plaintiff excepted.

*C. G. Austin*, for the plaintiff.

The stipulation to pay Abram P. Sheltus $1000 on the decease of Philip Sheltus, created an indebtedness in favor of the principal debtor against the trustee, the same as if a note of the same tenor had been executed by the trustee and delivered to the principal debtor at the time, and secured by the mortgage. It makes no difference from whom the consideration moves, provided the debt is due from the trustee to the principal debtor. *Arnold et als.* v. *Lyman*, 17 Mass. 400 ; *Felton* v. *Dickinson*, 10 Mass. 287 ; 1 Swift Dig. 690 ; 1 Chit. Pl. 4, 5.

A claim is not contingent because the time of payment is uncertain, nor because the amount due is uncertain ; it must be such a contingency as would show that in some alternative nothing would ever be due. *Burke* v. *Whitcomb*, 13 Vt. 421 ; *Joslyn & Hatch* v. *Merrow & Trs.* 25 Vt. 185 ; *Fay & Co.* v. *Smith & Tr.* Ib. 610 ; *Downer* v. *Curtis & Tr.* Ib. 650.

A gift of real estate perfected by deed, is as binding upon the grantor as a gift of personal property perfected by delivery. Therefore, when Philip Sheltus executed this deed founded upon both a good and a valid consideration, the title and property passed from his control according to the terms of the deed, and the indebtedness became absolute against the trustee in favor of the several payees. *Brackett & wife* v. *Wait et als.* 4 Vt. 389 ; *Blake &*

*wife* v. *Stone et als.* 27 Vt. 475 ; Roberts Conveyances, 650. The reservation of Sheltus of the right to control the premises during life, can make no difference ; at most, it would create a life estate in him, with remainder to Spear in fee. *Colby* v. *Colby*, 28 Vt. 10 ; REDFIELD, J., in *Gorham* v. *Daniels et als.* 23 Vt. 600. Should Spear fail to perform the condition to support, the other children could be allowed to do so. *Austin* v. *Austin et al.* 9 Vt. 420 ; *Wilder* v. *Whittemore*, 15 Mass. 262.

———— ———— for the trustee.

The opinion of the court was delivered by

REDFIELD, J. Philip Sheltus conveyed his property to the trustee, his daughter's husband, who lived with him and carried on the homestead. At the same time, said Spear, the supposed trustee, executed a mortgage to the said Philip, with conditions that " if he paid $1000 " to the principal debtor, and certain specified sums to the other children of the said Philip, and " furnish him with every necessary of life," and " at his decease give him respectable burial," &c., then something not expressed was to occur. It will not be disputed that the parties understood from this deed and mortgage, that if said Spear *performed* these conditions in the mortgage, the title to the estate was to vest in him.

I. The trustee, Spear, never promised, or become in any way obligated, to pay the several sums to the children of said Philip ; or to render the personal service stipulated in the deed. His *title* to the estate was made conditional upon his *performance* of the specified things named in the deed. Therefore, no action at law could be maintained against the trustee, to enforce these conditions.

II. As the consideration moved solely from Philip Sheltus, he, or his legal representative, could alone sue to enforce such conditions if the trustee had *promised* to perform them. *Fugure* v. *Society of St. Joseph*, 46 Vt. 362, and cases there cited.

III. There is no legal certainty that Philip Sheltus may not outlive all the benificiaries under these deeds, and the estate re-

vest in said Philip, for the non-performance of the conditions in the mortgage deed. There is, therefore, no legal ground for holding Spear liable as trustee of A. P. Sheltus.

Judgment affirmed, and cause remanded.