FIRST NAT. BANK OF PLATTSBURGH *v.* BRAINERD and others.

*(Circuit Court, D. Vermont.* October 30, 1886.)

GARNISHMENT — TRUST DEED — LIABILITY OF TRUSTEE — SECTION 1068, REV. LAWS VT.

> Where there was a conveyance of real estate to a trustee upon consideration of a certain sum of money, which he agreed that he would "well and truly pay, or cause to be paid, to the exoneration of the seller, under special hypothec" of the real estate, to certain creditors of the seller, in several amounts named, within two years, *held,* that the sale was unconditional, and without reserve, and that the trustee did not have the lands of the seller within his hands, within the meaning of section 1068, Rev. Laws Vt., relating to trustee process. *Held, further,* that the amount due from the trustee to the seller was a credit of the seller in the hands of the trustee, and subject to attachment.

Trustee Process.

*A. G. Safford* and *W. D. Wilson,* for plaintiff.

*A. P. Cross,* for trustee.

WHEELER, J. This case has now been heard upon the report of the commissioner as to the liability of the trustee, Henry W. Hatch. From the report it appears that on the nineteenth day of September, 1883, the defendant Aldis O. Brainerd sold and conveyed to this trustee real estate in Canada, for and in consideration of the sum of $11,300, which sum the purchaser bound himself, his heirs and assigns, in the conveyance, "to well and truly pay, or cause to be paid, to the exoneration of the seller, under special hypothec" of the real estate, to certain creditors of the seller, in several sums named, within two years from that day. ' The creditors were not in any manner parties to this conveyance, nor to the agreement, and the trustee has never agreed with them to pay them anything, nor himself paid them anything. The defendant has received some avails of the real estate upon an understanding with the trustee that the amounts received should be applied in payment of the debts named, and he has paid these debts to an amount considerably larger than that of the sums which he has so received. The transaction was such as to indicate, to some extent, an intention to place the property beyond the reach of creditors; but the commissioner has found from the disclosure of the trustee and the testimony of the defendant that it was an actual sale, *bona fide,* of the real estate, for the consideration expressed in the deed, and that it was unconditional, and without reserve. The evidence appears to well support this finding. It is argued that the form of the conveyance in special hypothec makes the conveyance conditional upon the making of the payments; but it is not claimed that the conveyance was not sufficient to pass the title, and what the law of Canada is as to the effect of such a conveyance was a matter of fact for the commissioner. His finding, within his province, that the sale was unconditional and without reserve, is conclusive.

There is no question now as to what the transaction was, but the question is whether the trustee had "goods, effects, or credits of the defendant intrusted or deposited in his hands or possession," within the meaning of the statute of the state relating to trustee process, after the transaction, as its result. Rev. Laws Vt. § 1068. The trustee had not lands of the defendant in his hands, for the real estate, according to the finding, had become the property of the trustee himself, unconditionally and without any reserve. The promise of the trustee was to the defendant, and not to the creditors of the defendant, to pay them, and the creditors could not maintain any action against the trustee upon this promise. *Fugure* v. *Society of St. Joseph*, 46 Vt. 362. The credit for the real estate was a credit to the defendant, and not to his creditors named. If they could have enforced the promise made to the defendant to pay them by a suit in equity, they had not done so when the plaintiff attached the effects and credits in the hands of the trustee, nor since. The trustee, at the time of the attachment, was under obligation to the defendant, and to no one else, to pay for the land. He could not be compelled to make the payment inside of the two years, for the contract gave him that time in which to make the payment; but the payment was to be in money, and wholly in the interest of the defendant, and, until rights of others than the trustee should attach, was subject entirely to his control.

In *Morey* v. *Sheltus*, 47 Vt. 342, there was a conveyance by the defendant to the trustee on condition that the trustee should do certain things, and pay certain sums for the defendant; but the trustee did not agree to make the payments, or do the things, and the trustee was adjudged not chargeable, because it was all conditional. If he did the things, and made the payments, he would have the land; if not, he would not have anything. But here the trustee has the land absolutely, and is under obligation to the defendant to pay for it. This obligation is a credit of the defendant in the hands of the trustee. *Smith* v. *Wiley*, 41 Vt. 19.

The two years within which payment was to be made have expired, and the liability of the trustee has become absolute. The amount paid by the defendant to these creditors does not vary the liability of the trustee. He merely paid his own debts in making these payments. The amounts received by the defendant from the lands which belonged to the trustee were payments by the trustee in discharge of his obligation, and reduce the sum for which he is chargeable by so much. The report shows a lien, by a prior attachment in the state court, to which the attachment of the fund in this suit is subject. The amount received by the defendant from the lands is $2,333.32.

Trustee adjudged chargeable, on report, for the amount due for the land, less $2,333.32, subject to the lien on the fund in the suit in the state court.